IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORMA MORENO, | : |
| *Plaintiff,* | : |
| v. | : CIVIL ACTION NO.: 15-cv-5333 |
| GIORGIO ARMANI CORPORATION and BARBARA CAMOZZI, | : |
| *Defendants.* | : |

**COMPLAINT AND JURY DEMAND**

**I.   PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, attorney's fees and other relief on behalf of Plaintiff, Norma Moreno ("Plaintiff Moreno"), a former employee of Defendant, Giorgio Armani Corporation ("Defendant Corporation"), who has been harmed by the Defendants' discriminatory employment practices.

2. This action is brought under 42 U.S.C. §1981 ("§1981"), the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. §290 et seq., and the New York City Human Rights Law ("NYCHL"), Admin. Code §8-101 et seq.

**II.   JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiffs Moreno's claims are substantively based on §1981 and a substantial part of the events giving rise to Plaintiff Moreno's claims occurred in this district.

1

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Moreno's claims arising under the NYSHRL and NYCHRL.

5. Plaintiff Moreno will serve this Complaint within ten (10) days of filing upon the New York City Division of Human Rights and Corporation Counsel as required by the New York City Human Rights Law.

### III. PARTIES:

6. Plaintiff, Norma Moreno ("Plaintiff Moreno"), is a thirty-three (33) year old female and citizen of the State of New York, residing therein at 927 Columbus Avenue, Apartment 3E, New York, New York 10025.

7. Defendant, Giorgio Armani Corporation ("Defendant Corporation"), is a corporation duly organized and existing under the laws of the State of New York, maintaining a place of business located at 450 West 14th Street, New York, New York 10014.

8. Defendant, Barbara Camozzi ("Camozzi"), is an individual and citizen of the State of New York, with a business address located at 450 West 14th Street, New York, New York 10014. At all times relevant hereto, Defendant Camozzi was employed by Defendant Corporation as the General Manager.

9. At all times relevant hereto, Defendant Corporation was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of Defendant Corporation.

10. At all times material herein, the Defendants have been a "person" and an "employer" as defined by §1981, the NYSHRL, and the NYCHRL and have been, and are, subject to the provisions of each of those statutes.

11. At all times relevant hereto, Plaintiff Moreno was an "employee" within the meaning of §1981, the NYSHRL, and the NYCHRL.

### IV. STATEMENT OF FACTS:

12. Plaintiff Moreno, a Hispanic female, was employed by Defendant Corporation from on or about August 4, 2012 until on or about December 6, 2014, the date of her unlawful termination.

13. During the course of her employment with Defendant Corporation, Plaintiff Moreno held the positions of Sales Associate and Key Holder, and at all times maintained an exemplary job performance rating in said capacities.

14. By way of example, Plaintiff Moreno achieved exceptional sales figures and ranked third in sales nationwide for Armani Junior, Defendant Corporation's children's clothing division. Additionally, Defendant Corporation recognized Plaintiff Moreno as the highest selling Sales Associate at Defendant's 1223 Madison Avenue location for years 2012, 2013 and 2014. Moreover, as a result of her stellar job performance, Defendant Corporation called upon Plaintiff Moreno to organize numerous store events and promotions on behalf of Defendant Corporation.

15. In or about November of 2013, Defendant Corporation hired Barbara Camozzi ("Camozzi") for the position of General Manager. Thereafter, Camozzi became Plaintiff Moreno's direct supervisor.

16.     Thereafter, Defendant Camozzi began screening individuals entering Defendant Corporation's store on the basis of their race and refused to offer assistance to African-American or Hispanic customers.  Specifically, Defendant Camozzi frequently guarded the cash register when said customers were present, thereby insinuating that African-American and Hispanic individuals are untrustworthy and apt to commit theft.

17.     On or about October 15, 2014, Plaintiff Moreno, along with Rashida Wyche ("Wyche"), Shipping and Receiving Manager, and Parris Barnett ("Barnett"), Sales Supervisor, both African-American individuals, met with Brianna Busch ("Busch"), Sales Manager, and Camozzi, both Caucasian individuals.  During said meeting, Plaintiff Moreno, Wyche and Barnett all registered complaints of race discrimination based on Defendant Camozzi's discriminatory treatment of customers.

18.     Thereafter, Defendant Corporation, through its agents, servants, and employees, including, but not limited to, Defendant Camozzi, embarked upon a campaign of discrimination and retaliation against Plaintiff Moreno based on her race (Hispanic) and opposition to race discrimination in the workplace.  Defendant Camozzi likewise subjected Wyche and Barnett to retribution for their protestations, as aforesaid.

19.     By way of example, on or about October 15, 2014, the same date as Plaintiff Moreno's complaint, Defendant Camozzi unjustifiably berated Plaintiff Moreno on Defendant Corporation's sales floor, allegedly in connection with a consignment.  Curiously, Defendant Camozzi was familiar with said consignment, and even approved the consignment prior to its completion.

20. By way of further example, on or about October 16, 2014, Defendant Camozzi aggressively approached Plaintiff Moreno and falsely accused her of completing another consignment.

21. Immediately thereafter, Plaintiff Moreno telephoned Busch and registered a complaint of discrimination and retaliation against Defendant Camozzi based on the aforesaid conduct. However, Busch failed to conduct an investigation or otherwise cause the discriminatory conduct to cease.

22. On or about October 23, 2014, Plaintiff Moreno, Wyche and Barnett again met with Busch and Defendant Camozzi and registered additional complaints of race discrimination. Specifically, Plaintiff Moreno informed Busch that Defendant Camozzi had scoffed when an African-American customer had entered Defendant Corporation's store, and stated in both Plaintiff Moreno and Barnett's presence that said customer could not afford Defendant Corporation's clothing based on his race.

23. On the same day, Busch met with Plaintiff Moreno and informed her that she would not receive an annual raise or bonus increase. Additionally, Busch issued to Plaintiff Moreno an unjustified verbal warning, allegedly for arguing with Defendant Camozzi on Defendant Corporation's sales floor.

24. On or about November 5, 2014, Defendant Camozzi again berated Plaintiff Moreno based on false allegations that Plaintiff Moreno had completed another consignment.

25. On or about November 6, 2014, Plaintiff Moreno, Wyche, and Barnett met with Busch and registered additional complaints of race discrimination based on

Defendant Camozzi's discriminatory and retaliatory treatment of both herself and customers. However, Busch again failed to take any corrective action.

26. On or about November 13, 2014, Defendant Camozzi issued to Plaintiff Moreno an unjustified written performance warning, allegedly for failing to follow Defendant Corporation's consignment policy. Curiously, Plaintiff Moreno complied with said policy and obtained permission from Defendant Camozzi before completing the consignment at issue.

27. On the same day, Plaintiff Moreno sent emails to both Nadia Mohan ("Mohan"), Senior Director of Human Resources, and Barbara Bollinger ("Bollinger"), Vice President of Retail, requesting a meeting to discuss Defendant Camozzi's discriminatory and retaliatory conduct. Said meeting was scheduled for December 9, 2014.

28. On or about December 6, 2014, Defendants abruptly terminated Plaintiff Moreno's employment with Defendant Corporation, allegedly for "poor performance."

29. Plaintiff Moreno believes and avers that the Defendants' articulated reason for her termination is pretextual and that her termination was actually based on her race (Hispanic) and/or in retaliation for opposing unlawful discrimination and retaliation in the workplace.

### COUNT I
### (42 U.S.C. §1981 – Race Discrimination and Retaliation)
### Plaintiff Moreno vs. Defendant Corporation

30. Plaintiff Moreno incorporates by reference paragraphs 1 through 29 of her Complaint as though fully set forth at length herein.

31.     The actions of Defendant Corporation, through its agents, servants and employees, in subjecting Plaintiff Moreno to discrimination on the basis of her race (Hispanic) and retaliating against Plaintiff Moreno for opposing unlawful race discrimination and retaliation in the workplace, constituted a violation of 42 U.S.C. §1981.

32.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Corporation in violation of 42 U.S.C. §1981, as aforesaid, Plaintiff Moreno sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

33.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Corporation in violation of 42 U.S.C. §1981, Plaintiff Moreno suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT II**
**(42 U.S.C. §1981 – Race Discrimination and Retaliation)**
**Plaintiff Moreno vs. Defendant Camozzi**

34.     Plaintiff Moreno incorporates by reference paragraphs 1 through 33 of her Complaint as though fully set forth at length herein.

35.     The actions of Defendant Camozzi in subjecting Plaintiff Moreno to discrimination on the basis of her race (Hispanic) and retaliating against Plaintiff Moreno for opposing unlawful race discrimination and retaliation in the workplace, constituted a violation of 42 U.S.C. §1981.

36. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Camozzi in violation of 42 U.S.C. §1981, as aforesaid, Plaintiff Moreno sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

37. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Camozzi in violation of 42 U.S.C. §1981, Plaintiff Moreno suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (NYSHRL – Race Discrimination and Retaliation)
### Plaintiff Moreno vs. Defendant Corporation

38. Plaintiff Moreno incorporates by reference paragraphs 1 through 37 of her Complaint as though fully set forth at length herein.

39. The actions of Defendant Corporation, through its agents, servants and employees, in subjecting Plaintiff Moreno to discrimination on the basis of her race (Hispanic) and retaliating against Plaintiff Moreno for opposing unlawful race discrimination and retaliation in the workplace, constituted a violation of the NYSHRL.

40. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Corporation in violation the NYSHRL, as aforesaid, Plaintiff Moreno sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

41.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Corporation in violation of the NYSHRL, Plaintiff Moreno suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT IV
### (NYSHRL – Aiding and Abetting)
### Plaintiff Moreno vs. Defendant Camozzi

42.     Plaintiff Moreno incorporates by reference paragraphs 1 through 41 of her Complaint as though fully set forth at length herein.

43.     Defendant Camozzi aided and abetted Defendant Corporation in discriminatory actions subjecting Plaintiff Moreno to race discrimination and retaliation in the workplace.

44.     These actions are in direct violation of the New York State Human Rights Law.

45.     As a direct result of the aforesaid aiding and abetting discriminatory employment practices engaged in by Defendant Camozzi in violation of the NYSHRL, Plaintiff Moreno sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

46.     As a further direct result of the aforesaid aiding and abetting discriminatory

employment practices engaged in by Defendant Camozzi in violation of the NYSHRL, Plaintiff Moreno suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT V
### (NYCHRL – Race Discrimination and Retaliation)
### Plaintiff Moreno vs. Defendant Corporation

47. Plaintiff Moreno incorporates by reference paragraphs 1 through 46 of her Complaint as though fully set forth at length herein.

48. The actions of Defendant Corporation, through its agents, servants and employees, in subjecting Plaintiff Moreno to discrimination on the basis of her race (Hispanic) and retaliating against Plaintiff Moreno for opposing unlawful race discrimination and retaliation in the workplace, constituted a violation of the NYCHRL.

49. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Corporation in violation the NYCHRL, as aforesaid, Plaintiff Moreno sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

50. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant Corporation in violation of the NYCHRL, Plaintiff Moreno suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT VI
### (NYCHRL – Aiding and Abetting)
### Plaintiff Moreno vs. Defendant Camozzi

51. Plaintiff Moreno incorporates by reference paragraphs 1 through 50 of her Complaint as though fully set forth at length herein.

52. Defendant Camozzi aided and abetted Defendant Corporation in discriminatory actions subjecting Plaintiff Moreno to race discrimination and retaliation in the workplace.

53. These actions are in direct violation of the New York City Human Rights Law.

54. As a direct result of the aforesaid aiding and abetting discriminatory employment practices engaged in by Defendant Camozzi in violation of the NYCHRL, Plaintiff Moreno sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

55. As a further direct result of the aforesaid aiding and abetting discriminatory employment practices engaged in by Defendant Camozzi in violation of the NYCHRL, Plaintiff Moreno suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

56. Plaintiff Moreno incorporates by reference paragraphs 1 through 55 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Moreno respectfully requests that this Court enter judgment in her favor and against the Defendants, and Order that:

a. Defendants compensate Plaintiff Moreno for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendants compensate Plaintiff Moreno with an award of front pay, if appropriate;

c. Defendants pay to Plaintiff Moreno punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable;

d. Defendants pay to Plaintiff Moreno pre-judgment and post-judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Moreno demands a trial by jury.

Dated: July 10, 2015
Garden City, New York

        Respectfully Submitted,

        VALLI KANE & VAGNINI, LLP

By:   /s/Robert J. Valli, Esq.
       Robert J. Valli, Esq.
       Sara Wyn Kane, Esq.
       *Attorneys for Plaintiff*
       600 Old Country Road, Suite 519
       Garden City, NY 11530
       (516) 203-7180

       SIDNEY L. GOLD & ASSOC., P.C.

By:   /s/Sidney L. Gold, Esquire
       Sidney L. Gold, Esquire
       *Attorneys for Plaintiff*
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       *Pro Hac Vice* Application Forthcoming